UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HUNTINGTON INGALLS INCORPORATED | * | CIVIL ACTION |
| | * | NO. |
| VERSUS | * | |
| THE KEATING LAW FIRM, LLC, EVE. S. REARDON, JULIE-ANN DUHE KEATING, AND D. PATRICK KEATING, JR. | * | |

\*   \*   \*   \*   \*   \*   \*

## COMPLAINT

The complaint of Huntington Ingalls Incorporated with respect represents:

### JURISDICTION AND VENUE

I.

The jurisdiction of this court is invoked under 28 U.S.C.A 1332, based on complete diversity of citizenship, with an amount in controversy that exceeds the value specified by 28 U.S.C. 1332.  Further, this Court has personal jurisdiction over the defendants. Venue is proper in this district pursuant to 28 U.S.C. 1391(b) since this is the district where the actions or omissions giving rise to the claim occurred and where all defendants reside.

### PARTIES

II.

Plaintiff is Huntington Ingalls Incorporated (hereinafter referred to as "HII") (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., and f/k/a Avondale Shipyards, Inc.), a Virginia Corporation, with its

principal place of business in Newport News, Virginia, licensed to do business in Louisiana, and a wholly-owned subsidiary of Huntington Ingalls Industries, Inc.,

III.

Made defendant herein is The Keating Law Firm, LLC, a Louisiana Limited Liability Company domiciled in the State of Louisiana, doing business in the Eastern District of Louisiana and capable of being sued in the Eastern District of Louisiana.

IV.

Made defendant herein is Ms. Eve S. Reardon, a person of the full age of majority and a resident of the State of Louisiana and the Eastern District of Louisiana, and having the capacity to be sued in the Eastern District of Louisiana.

V.

Made defendant herein is Ms. Julie-Ann Duhe Keating, a person of the full age of majority and a resident of the State of Louisiana and the Eastern District of Louisiana, and having the capacity to be sued in the Eastern District of Louisiana.

VI.

Made defendant herein is Mr. D. Patrick Keating, Jr., a person of the full age of majority and a resident of the State of Louisiana and the Eastern District of Louisiana, and having the capacity to be sued in the Eastern District of Louisiana.

**FACTUAL ALLEGATIONS**

VII.

Defendants are justly and truly indebted unto HII, jointly severally and *in solido* in a full and true sum which will sufficiently compensate it for its damages and attorney's fees, together

with legal interest thereon from the date of judicial demand, and all costs of these proceedings, and for the following to wit:

VIII.

At all material times herein, The Keating Law Firm, LLC, Ms. Eve S. Reardon, Ms. Julie-Ann Duhe Keating and Mr. D. Patrick Keating, Jr. represented Mr. Henry Winchester in a matter before the Administrative Law Judges, United States Department of Labor, bearing Case No. 2015-LHC-629 and Office of Workers' Compensation Programs, No. 07-177911 (hereinafter the "Longshore Claim").

IX.

Mr. Henry Winchester filed the Longshore Claim seeking indemnity benefits and medical expenses for a work related injury, under the Longshore and Harbor Workers' Compensation Act. 33 U.S.C.901 *et. seq.*

X.

HII was made a defendant in the Longshore Claim, as employer of Mr. Henry Winchester.

XI.

In June, 2015, an agreement to settle was reached between HII and Mr. Henry Winchester, which fully settled all claims by Mr. Henry Winchester against HII under the Longshore Act and included future medical expenses. That settlement also included the payment of attorney's fees by HII to Defendants for their representation of Henry Winchester in the Longshore Claim.

XII.

As mandated by the Longshore Act, said agreement to settle was not perfected until approved by the Administrative Law Judge pursuant to a 33 USC 908(i) settlement (the "8(i) settlement"). HII's counsel prepared and then HII executed the 8(i) settlement documents. The 8(i) settlement documents signed by HII were then transmitted to Defendants' office on June 5, 2015. The 8(i) settlement documents were allegedly signed by Mr. Winchester and notarized by Ms. Julie-Ann Duhe Keating on June 5, 2015, and submitted to the Office of Administrative Law Judges immediately thereafter. In submitting the fully executed 8(i) settlement documents to the Office of Administrative Law Judges, Defendants represented, explicitly and implicitly, that those documents had been properly executed by Mr. Henry Winchester.

XIII.

On June 18, 2015, the Honorable Administrative Law Judge Patrick Rosenow approved the 8(i) settlement, which was then served on Defendants by Mr. David Duhon, District Director for the Seventh Compensation District of the United States Department of Labor, on June 22, 2015.

XIV.

Settlement funds in the amount of $112,800.00 were then paid by HII and disbursed to Mr. Henry Winchester, in addition to attorney's fees paid to the Defendants in the amount of $28,200.00, all in accordance with the terms of the 8(i) settlement. HII also assumed the obligation to pay future medical expenses for Mr. Henry Winchester pursuant to the terms of the approved 8(i) settlement.

XV.

HII was unaware that Mr. Henry Winchester died on May 29, 2015, i.e. seven days prior to June 5, 2015, when Mr. Henry Winchester's purported signature was affixed to the 8(i) settlement documents and notarized by Ms. Julie-Ann Duhe Keating.  At no time did any of the Defendants notify HII or its counsel that Mr. Henry Winchester died on May 29, 2015.  Indeed, at no time prior to the June 18, 2015 approval of the 8(i) settlement by the Honorable Administrative Law Judge Patrick Rosenow was HII or its counsel aware the Mr. Winchester had died.

XVI.

Mr. Winchester's signature was notarized by Ms. Julie-Ann Duhe Keating on June 5, 2015, or seven days after Mr. Winchester's death.  It should be noted, Ms. Keating has represented to the ALJ in response to a Motion to Vacate that she did not notarize the 8(i) settlement, and that her signature was forged and her notarial stamp used without her knowledge or permission.  Ms. Keating has also provided a report from a "handwriting expert" confirming the signature on the 8(i) is not Ms. Keating's signature.  HII is uncertain whose signature notarized the 8(i) settlement in question days after the principal, Mr. Winchester, had expired, but HII seeks to address this issue before this Honorable Court.

XVII.

Over two weeks after the death of Mr. Henry Winchester, Judge Rosenow approved the settlement, which was then served by the Department of Labor approximately three weeks after Henry Winchester's death.

XVIII.

Defendants arranged for disbursement of settlement funds almost a month following Mr. Winchester's death. Defendants never informed undersigned counsel, the Department of Labor, or the Administrative Law Judge of Henry Winchester's passing.

XIX.

Three years after Mr. Winchester's death and the settlement of his claim, HII fortuitously discovered Mr. Winchester had died a week before the 8(i) settlement documents were transmitted to his counsel, Defendants herein.

XX.

Defendants knew of Mr. Winchester's death at the time the 8(i) settlement documents were signed, at the time Judge Rosenow approved the settlement, and at the time the settlement check and attorney fee checks were cashed. HII did not know of Mr. Winchester's death at the time of transmission of the documents nor prior to the transmission of funds.

XXI.

Defendants purposefully did not inform HII, the Department of Labor, or the Administrative Law Judge, of the Claimant's passing, although there was a duty to do so. *See* Louisiana State Bar Articles of Incorporation, Article 16, Rule 3.3 and 3.4, 29 C.F.R. § 18.35, 18 U.S. Code § 1341, and La. C.C. art. 1953.

XXII.

HII was current on all benefits due Mr. Winchester at the time the 8(i) was signed and approved. All past benefits had been paid; only future medical benefits were due at that time.

However, due to his death, at the time the 8(i) was signed, Mr. Winchester had no right to any future benefits.

XXIII.

HII would not have agreed to the submission of the signed 8(i) settlement documents nor paid any sums due, had HII known that Henry Winchester was deceased at the time Defendants submitted the signed 8(i) settlement documents to the Honorable Administrative Law Judge Patrick Rosenow for approval. Mr. Winchester's death rendered the agreement invalid as a matter of law. Had HII learned of Mr. Winchester's death prior to conveying the settlement funds to Defendants and their purported client, HII would have moved to annul the 8(i) settlement.

XXIV.

One of the Defendants signed Mr. Winchester's name to the settlement documents after his death and fraudulently notarized his signature. The Defendant's affirmative act of signing the name of Henry Winchester, and the Defendants' failure to disclose Mr. Winchester's death and that Mr. Winchester did not sign the 8(i) settlement documents, was fraudulent.

XXV.

Defendants purposefully did not inform HII of the Claimant's passing, in order to fraudulently obtain the settlement funds and attorney's fees.

XXVI.

Following Mr. Winchester's death, HII issued two indemnity checks to Mr. Winchester. Check number 0000590238 was issued to Mr. Winchester on June 2, 2015 in the amount of $846.00. Check number 0000592610 was issued to Mr. Winchester on June 16, 2015 in the amount of $846.00. Both checks were issued and cashed after Mr. Winchester died. Had HII

learned of Mr. Winchester's death prior to the issuance of these checks, HII would not have issued either check.

### FRAUD AND MISPREPRESENTATION

XXVII.

As a result of the misrepresentation, suppression, or omission of true information by Defendants, HII sustained damages.

XXVIII.

Defendants intended to obtain an unjust advantage or to cause damage to HII, which actions did cause HII to sustain damages. By their conduct described hereinabove, Defendants acted to obtain funds from HII pursuant to an 8(i) settlement that was invalid at the time it was submitted to the Honorable Administrative Law Judge Patrick Rosenow for approval, and at all times thereafter. HII further paid longshore benefits that were not due.

XXIX.

HII justifiably relied on the misrepresentation, suppression, or omission of true information by Defendants in executing and paying the settlement, and benefits resulting in damages to HII.

### FRAUD ON THE COURT

XXX.

On July 13, 2018, HII filed a Motion to Vacate the Longshore 8(i) settlement with the Department of Labor, which is pending before the Honorable Administrative Law Judge Patrick Rosenow, in the original Longshore proceeding number 015-LHC-692. HII sought to vacate the

settlement and receive reimbursement of all settlement funds, attorney's fees, all other actual and equitable damages and interest in connection with voiding the 8(i) settlement. On October 10, 2018, The Honorable Patrick Rosenow ruled that HII did not have the right to seek reimbursement of any sums paid pursuant to the 8(i) settlement before the Department of Labor. The Court would address only whether the Court's order approving the 8(i) settlement would be vacated. Thus, HII has no right to monetary relief or to obtain damages before the Department of Labor based on the alleged fraud herein.

XXXI.

HII asserts the Order of the Administrative Law Judge approving the 8(i) settlement, and all payments and attorney's fees paid pursuant to it, should be vacated and set aside as a fraud on the U.S. Department of Labor and the Court pursuant to section (d)(3) of Rule of Civil Procedure Article 60 and 29 C.F.R. § 18.35(b).

XXXII.

The actions of Defendants herein consist of conduct on the part of an officer of the Court directed to the Court that was intentionally false and concealed facts when Defendants had a duty to disclose, resulting in deception on the Court.

XXXIII.

HII asserts the actions of Defendants herein deliberately and severely undermined and harmed the integrity of the judicial process and the administrative process before the U.S. Department of Labor.

## CONTRACT INVALID DUE TO FAILURE TO CONSENT

XXXIV.

HII relied upon the misrepresentation, suppression, or omission of true information by Defendants to consent to the submission of the signed 8(i) agreement to the Honorable Administrative Law Judge Patrick Rosenow for approval. Because this consent was based on misrepresentation, suppression, or omission of true information, HII failed to give legal consent to agreement to settle and the resulting signed 8(i) agreement is invalid for lack of consent.

## DAMAGES

XXXV.

As a result of the fraud and intentional misrepresentation of the Defendants, The Keating Law Firm, LLC, Eve S. Reardon, Julie-Ann Duhe Keating and D. Patrick Keating, Jr., HII has sustained damages in the amount of ONE HUNDERD FORTY-TWO THOUSAND, SIX HUNDRED NINETY-TWO DOLLARS ($142,692.00), in actual damages plus costs and fees incurred in bringing this action, along with judicial interest.

XXXVI.

HII is entitled to recover from Defendants, actual damages, in the amount stated above and any other damages recoverable under law.

XXXVII.

HII is entitled to recover from Defendants, all attorney's fees and costs incurred in the prosecution of HII's rights to recover the $142,692.00 it paid, pursuant to *Hall v. Cole*, 412 U.S. 1, 4-5, 93 S. Ct. 1943, 1945-46, 36 L. Ed. 2d 702 (1973), *Roadway Exp. Inc. v. Piper*, 447 U.S. 752, 766-67, 100 S. Ct. 2455, 2464, 65 L. Ed. 2d 488 (1980), and other applicable law.

XXXVIII.

WHEREFORE, HII prays that Defendants be duly cited to appear and answer the complaint, and after due proceedings had, there be judgment rendered in favor of HII, against Defendants, The Keating Law Firm, LLC, Eve S. Reardon, Julie-Ann Duhe Keating and D. Patrick Keating, Jr., in the amount of ONE HUNDERD FORTY-TWO THOUSAND, SIX HUNDRED NINETY-TWO DOLLARS ($142,692.00), together with legal interest thereon, from the date of judicial demand, and for legal fees and costs incurred in the prosecution of the claims stated herein, and for all costs of these proceedings with interest.

Respectfully submitted:

BLUE WILLIAMS, L.L.P.

*/s/ Frank J. Towers*

_____
FRANK J. TOWERS (#27738)
PAMELA NOYA MOLNAR (#18208)
3421 N. Causeway Blvd., Suite 900
Metairie, Louisiana 70002
Telephone: (504) 831-4091
Facsimile: (504) 849-3042
ftowers@bluewilliams.com
pmolnar@bluewilliams.com
**Attorneys for Huntington Ingalls Incorporated (Avondale Operations)**